UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership;  Plaintiffs, v. DEON JONES, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:07-CV-61 PS |

## OPINION, ORDER AND JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Default Judgment filed on February 27, 2007. [Docket No. 10.] Plaintiffs allege that Defendant Deon Jones used an online media distribution system to obtain copyrighted sound recordings owned by the Plaintiffs and/or to distribute those recordings to other users of the system. Because Jones has failed to appear, plead, or otherwise defend as provided by the Federal Rules of Civil Procedure, Plaintiffs' Motion for Default Judgment is granted.

### I. BACKGROUND

The Plaintiffs in this action, various recording companies, are the copyright owners or licensees of rights under the Copyright Act of various recordings including:

1. "Flipmode Squad Meets Def Squad" by Busta Rhymes

2. "That's The Way Love Goes" by Janet Jackson

3. "I Get Lonely" by Janet Jackson

      4. "Uhh Ahh" by Boyz II Men

      5. "I'll Make Love To You" by Boyz II Men

      6. "Whenever You Call" by Mariah Carey

      7. "Slow Dance" by Public Announcement

(*See* Compl. Ex. A.) Plaintiffs allege that Jones downloaded these recordings using an online media distribution system and has made the copyrighted recordings available to the public in violation of the Plaintiffs' exclusive rights under the Copyright Act. (Compl. ¶ 7.)

Plaintiffs filed their complaint on February 27, 2007, and Jones was served on March 6, 2007. [Docket No. 6] The Clerk entered default on April 10, 2007 [Docket No. 8], and the Plaintiffs moved for default judgment on April 11, 2007. Counsel for Plaintiffs and Plaintiffs' process server have averred that Defendant is not believed to be a minor or a member of the military. [Docket Nos. 10-2, 10-5.]

## II. DISCUSSION

### A. Liability

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. However, the Court must exercise sound judicial discretion in entering default. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established. 10A C. Wright, A. Miller & M. Kane, *Federal*

*Practice and Procedure: Civil 3d* § 2685 (1998).

Here, the grounds for default are clearly established.  First, the default goes beyond a mere technicality, as Jones has not filed an answer or any responsive pleadings since the complaint against him was filed on February 27, 2007.  The defendant cannot be allowed to completely ignore this suit.  *See In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, few material issues of facts are in dispute in here.  In order for a plaintiff to establish a prima facie case of direct copyright infringement, they must establish: "1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original." *Feist Publ'ns, inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991).  Here, the Plaintiffs have pled that they owned the copyrighted materials specified in Exhibit A and that Jones violated their exclusive rights to reproduce and distribute the copyrighted recordings to the public by downloading and distributing the copyrighted recordings via an online media distribution system.  Therefore, the facts as stated in the complaint establish direct copyright infringement by the Defendant.

## B. Damages

The Copyright Act provides for both monetary and injunctive relief.  First, it provides that the owner of a copyright may elect to recover either actual damages, plus any additional profits of the infringer, or statutory damages.  *Id*. at § 504(a).  Statutory damages may be awarded in the range of $750 to $30,000 per copyrighted work.  *Id*. at § 504 (c).  Plaintiffs request the minimum statutory damages for infringement in this case.  Thus, at a rate of $750 per

work, Plaintiffs are entitled to statutory damages of $6,250 for the seven identified works.

Second, § 502 authorizes the court to grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id*. at § 502.  In cases of unlawful downloads, injunctive relief may be "appropriate to ensure that the misconduct does not recur as soon as the case ends."  *BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir. 2005).

The Plaintiffs request an injunction that provides as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Compl. at 4).  Given Plaintiffs' allegations that Defendant will continue violating their copyrights unless enjoined from doing so in the future, the Court finds that the requested permanent injunction is proper.

Finally, the Court has discretion to award costs and fees to the prevailing party.  *Id*. at § 505.  Counsel for Plaintiffs avers that Plaintiffs have incurred costs of $420 in this case.  These costs are reasonable and will be awarded.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment [Docket No. 10] is hereby **GRANTED**; the Court orders the following relief:

1. Minimum statutory damages in the amount of $5,250.00 for the seven infringements alleged in the complaint pursuant to the Section 504 of the Copyright Act ($750 for each infringement);

2. A permanent injunction as follows:

    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

3. Costs pursuant to the Section 505 of the Copyright Act in the amount of $420.00.

The Clerk is directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: May 10, 2007

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT

5